SANDERS, Justice.
 

 The Grand Jury of East Baton Rouge Parish indicted defendant Brent for aggravated rape of a young woman in Baton Rouge. After trial, the jury returned a verdict of guilty, and the court imposed the death penalty. Defendant has appealed his conviction and sentence, relying upon seventeen bills of exception reserved in the trial court.
 

 Bills of Exception Nos. 1, 2, 3, 7
 

 Defendant reserved these bills to the court’s overruling of motions seeking to require the Clerk of Court, the Registrar of Voters, and the District Attorney to furnish defendant with names, addresses, occupations, and races of those persons whose names appeared in the general venire box (Motion 1), members of the Jury Commission (Motion 2), petit jury panel (Motion 3), and members of the Grand Jury (Motion 4).
 

 The trial court overruled the motions on the ground no legal authority required the officials to assemble and furnish defendant such information in a criminal proceeding. Moreover, the court emphasized defendant made no charge of irregularity in the selection of the jury bodies.
 

 We know of no authority for the court to require the Clerk of Court, the Registrar of Voters, and the District Attorney to furnish the information requested.
 

 Defendant has charged no cognizable irregularity in selection of the jury bodies. Jlence, these bills of exception are without merit.
 

 
 *1079
 

 BUI of Exception No. 4
 

 Defendant reserved this bill to the court’s sustaining the District Attorney’s objection when defendant attempted to call the East Baton Rouge Parish Clerk of Court as a witness under cross-examination. The court ruled defendant could call the official as his own witness on direct examination.
 

 Defendant has cited no authority, and we know of none, authorizing a defendant to call a witness under cross-examination in a criminal prosecution. When defendant calls a witness, not yet called by the State, the witness becomes defendant’s. Therefore, we find no merit in the bill of exception.
 

 Bill of Exception No. 5
 

 As we have observed, defendant filed four motions seeking to require the Clerk of Court, the Registrar of Voters, and the District Attorney to furnish him with names, addresses, occupations, and races of the persons who served on the Grand Jury and other jury bodies. In connection with these motions, defendant called the Clerk of Court as a witness. During interrogation of the Clerk of Court, the court sustained the District Attorney’s objection to the following question: “Mr. Johnson, will you give me the name and the race of the Grand Jury that indicted this accused?” Defendant then reserved Bill of Exception No. 5.
 

 The trial court ruled correctly on this objection. The only question the defense motions raised was whether the law authorized or required the court to order the several public officials to furnish defendant the information requested. The question propounded assumed that such authority existed before the court had ruled on the pending motions. The evidence sought was irrelevant, since defendant had made no charge of irregularity in the selection of the jury bodies. The Grand Jury list was, of course, available for inspection by defendant.
 

 The- Bill of Exception is without merit.
 

 Bill of Exception No. 6
 

 Defendant reserved this bill to the District Attorney’s statement during argument on one of the defense motions: -“[W]e are not going to lose this case.” The District Attorney made this remark on September 9, 1963, more .than-five months before trial.
 

 Taken in context, the statement simply meant the District Attorney was not going to lose the case because of technical errors on his part. Assuming, however, the statement was improper, we find no prejudice, since it was not made in the presence of the jury nor at the trial. See LSA-R.S. 15:557.
 

 Bill of Exception No. 8
 

 Defendant reserved this bill to the overruling of his motion to quash the indict
 
 *1081
 
 ment. The motion to quash was based partly upon the court’s overruling four motions heretofore discussed and found without merit under Bills Nos. 1, 2, 3, and 7. Since the motions lacked merit, we will not reexamine them here.
 

 The motion was based partly upon a comment allegedly made by the trial judge while defense counsel argued Motion 1: “This is the most ridiculous thing I have ever heard.” Defendant also complains of the District Attorney’s remark during argument on the preliminary motions: “This one I intend to win, even if I have to go to the United States Supreme Court.”
 

 An excerpt of the transcript pointing to the statements and defendant’s objection is not made a part of the present Bill of Exception. Assuming, however, the officials made such statements and defendant timely objected, these statements do not constitute a “defect fatal to the validity of the proceedings.” LSA-R.S. 15:286. Hence, they cannot serve as grounds for quashing the indictment. Moreover, since they were made five months before trial, during oral argument of preliminary motions, we can find no prejudice. LSA-R.S. 15:557.
 

 We conclude the trial court properly overruled the motion to quash the indictment.
 

 BUI of Exception No. 9
 

 Defendant reserved this bill when the court sustained an objection to the following defense question during voir dire examination of a prospective juror: “Does [the negro civil rights movement] * * * create such prejudice or ill feeling towards certain leaders or individuals of this movement?”
 

 The prospective juror had previously answered he was not prejudiced against the negro race as a whole. Defense counsel did not suggest defendant had any connection with civil rights movements.
 

 The trial judge correctly disposes of this bill in his Per Curiam:
 

 “The juror on voir dire stated that he was not prejudiced or biased against the Negro race as a whole. The only remaining question, in the opinion of the Court, was whether or not he was prejudiced or biased insofar as the defendant was concerned. His opinion concerning any Negro leader not in any way connected with defendant is not relevant.”
 

 BUI of Exception No. 10
 

 Defendant reserved this bill to the overruling of a defense objection to the following question propounded by the District Attorney to a prospective juror:
 

 “Q.
 
 Consent is a defense in the case of rape. But lawful consent freely given is not such consent as is obtained by force where she resists the act to the utmost or, and in the State’s case
 
 *1083
 
 here, where her consent and resistance is overcome by the use of threats of great bodily harm, accompanied by the apparent power of execution * * * ”
 

 Although incomplete, the question apparently concerns LSA-R.S. 14:42 defining aggravated rape as sexual intercourse without the lawful consent of the female. The ensuing answer and subsequent interrogation of the prospective juror are not made part of the bill. Neither does the bill reflect whether the juror was challenged or served on the jury.
 

 We find no error in the court’s ruling.
 

 Bill of Exception No. 11
 

 The defense reserved this bill of exception when the trial court overruled a defense objection to the following statement preliminary to a question to a prospective juror by the District Attorney:
 

 “Q. Mr. Naul, the burden is on the State in all criminal prosecutions to satisfy you if accepted as a juror of all the essential elements of the crime charged. In this case, aggravated rape, which is the act of sexual intercourse with a female without her lawful consent. Where the State relies for a conviction on direct and circumstantial evidence the law is that we must satisfy you beyond a reasonable doubt only.”
 

 We find no error in this ruling. When the state has some direct evidence to support a conviction, the standard of proof required is beyond a reasonable doubt. The exclusion of every reasonable hypothesis of innocence is required only when the state relies solely on circumstantial evidence. LSA-R.S. 15:438; State v. Kelly, 50 La. Ann. 597, 23 So. 543. See also State v. Allen, 129 La. 733, 56 So. 655.
 

 The judge, of course, has the duty of charging the jury on the law applicable to the case. LSA-R.S. 15 :385.
 

 Bill of Exception No. 12
 

 This bill was reserved when the court excluded the following question propounded by defense counsel during voir dire examination of a prospective juror:
 

 “Q. The question is very simply this, that if you find that a battery had been committed on this complaining witness, would that influence your verdict one way or the other in finding either for or against the accused?”
 

 The trial judge’s Per Curiam states:
 

 “Defense counsel first asked whether or not the juror would decide the question of rape based upon his finding that defendant was guilty of a battery. This was a proper question and the court so ruled. Counsel later changed the question to one of whether proof of a battery would
 
 influence
 
 his verdict. This the court held to be improper since all
 
 *1085
 
 evidence would influence the verdict in one way or another.”
 

 We find no error in this ruling.
 

 Bill of Exception No. 13
 

 Defendant reserved this bill when the court sustained the District Attorney’s objection to the following defense question during cross-examination of a state witness.
 

 “Q. Suppose this customer of yours would have testified that Mrs. Kliebert did not scream, ‘I’ve been raped, I’ve been raped’ * * * would you be mistaken then or would he be mistaken?”
 

 The question was improper. It was hypothetical, based upon a supposition concerning future testimony of another witness. Moreover, since the credibility of the witnesses was a matter for the jury, we find an erroneous ruling on this question would constitute no reversible error. LSA-R.S. 15:557.
 

 Bill of Exception No. 14
 

 Bill of Exception No. 14 was taken by defendant to an adverse ruling on his motion for mistrial and a directed verdict. Defense counsel contends he and the District Attorney had a heated argument in the hallway during a court recess. Apparently no evidence was taken on the motion. Since no evidence is attached to the Bill of Exception to show the circumstances surrounding the occurrence, we accept the trial judge’s Per Curiam as correct. See State v. Howard, 243 La. 971, 149 So.2d 409 and State v. Guin, 212 La. 475, 32 So.2d 895. The judge states:
 

 “This argument, as stated in the bill, occurred out of the presence of the jury and could not have prejudiced defendant insofar as the jury was concerned. The court cautioned both sides to refrain from such behavior.”
 

 The Bill of Exception is insufficient to establish prejudical error.
 

 Bill of Exception No. 15
 

 Defendant reserved this bill when the court overruled his objection to the following question by the District Attorney during cross-examination of defendant: “Do you know of any reason he [a State’s witness] would get on that witness stand and lie in a case as serious as you and your lawyer have told this jury this is, when your neck is in the noose? Do you think he would lie about that ?” Upon defendant’s objection, the trial judge instructed the jury “[Y]ou will be the sole judge of the facts and you will not be influenced by any remarks of counsel on either side.”
 

 We do not consider the question improper cross-examination. It afforded the defendant an opportunity to explain any bias against him by the state’s witness. However, if it were improper, the judge’s in
 
 *1087
 
 struction to the jury following the objection cured whatever prejudice may have resulted. Therefore, the bill lacks merit.
 

 Bill of Exception No. 16
 

 Defendant reserved this bill to the overruling of his objection to the following question by the District Attorney directed to defendant on cross-examination: “Was that disorderly conviction as a result of your insulting a white girl ?”
 

 The question apparently related to a prior conviction. See LSA-R.S. 15:495. Made part of the Bill of Exception were only the question, the objection, and the ruling of the court. In connection with its ruling the court said:
 

 “[T]he District Attorney can go into prior convictions. Not prior arrests, or prior anything else, just prior convictions.”
 

 In this type of impeachment, prior convictions may be shown to attack the defendant’s credibility. The prosecution may not, however, interrogate defendant concerning details of prior offenses. State v. Perkins, 248 La. 293, 178 So.2d 255; State v. Danna, 170 La. 755, 129 So. 154.
 

 Neither the answer to the disputed question nor the surrounding testimony has been made part of the bill. We consider only evidence made part of this bill. State v. Thomas 242 La. 210, 135 So.2d 275; State v. Honeycutt, 218 La. 362, 49 So.2d 610.
 

 Insofar as the Bill of Exception discloses the trial judge properly restricted the impeachment to prior convictions. We find the Bill of Exception does not establish reversible error.
 

 Bill of Exception No. 17
 

 Defendant reserved this bill to the overruling of a motion for a new trial.
 

 The motion for a new trial reiterates the complaints made in Bills of Exception Nos. 1, 2, 3, 7, and 15, previously discussed. They require no additional review.
 

 The motion also alleges the record to be “completely devoid” of any evidence of rape, that is, any evidence the complainant had been sexually molested. Under its jurisdiction, this Court does not weigh the sufficiency of the evidence of guilt in a criminal case. LSA-Constitution Art. VII, Section 10 limits our review to questions of law. When, however, a motion for new trial alleges a complete absence of evidence as to an essential element of the crime, and the transcript of testimony is made part of the Bill of Exception, the bill raises a question of law of which this Court has cognizance. State v. Cade, 244 La. 534, 153 So.2d 382; State v. Gatlin, 241 La. 321, 129 So.2d 4; State v. Roberts, 224 La. 491, 70 So.2d 100. The Court cannot take notice of the transcript of testimony unless it is made part of the Bill of Exception. State v. Cloud, 246 La. 658, 166 So.2d 263; State v. Honeycutt, 218 La. 362, 49 So.2d 610.
 

 
 *1089
 
 In the present case, the transcript has not been made part of the Bill of Exception reserved to the overruling of the motion for a new trial. Hence, the allegation of a complete absence of evidence is not reviewable.
 

 Defendant complains of additional matters in the motion for a new trial, such as admission of certain testimony, inadequacy of the foundation to show the voluntariness of a statement by defendant, and taking of a smear, saliva, and blood from defendant for laboratory testing. These complaints of error are of no avail. The Bill of Exception does not indicate defendant objected or reserved a bill of exception at the time of the ruling during trial. And, as we have seen, the transcript of evidence has not been made part of this Bill.
 

 LSA-R.S. 15:510 provides:
 

 "To avail as ground for a new trial, any irregularity in the proceedings, not patent on the face of the record, must be objected to at the time of its occurrence and a bill of exceptions be reserved to the adverse ruling of the court upon such objection. Failure to reserve a bill at the time of the ruling operates as a waiver of the objection and as an acquiescence in the ruling.”
 

 The rule announced has been uniformly applied. State v. Ford, 245 La. 490, 159 So. 2d 129; State v. Tedeton, 243 La. 1031, 150 So.2d 4; State v. Neal, 231 La. 1048, 93 So. 2d 554; State v. Slack, 227 La. 598, 80 So. 2d 89; State v. Breedlove, 199 La. 965, 7 So.2d 221; State v. Holcombe, 41 La.Ann. 1066, 6 So. 785.
 

 We find no merit in the final Bill of Exception.
 

 For the reasons assigned, the conviction and sentence are affirmed.