339 So.2d 730 (1976)
STATE of Louisiana
v.
Charles E. JACKSON.
No. 57627.
Supreme Court of Louisiana.
September 13, 1976.
L. Tod Gremillion, Gremillion & Williams, Baton Rouge, for defendant-appellant.
*731 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., James E. Boren, Douglas P. Moreau, Asst. Dist. Attys., Baton Rouge, for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Charles E. Jackson, with simple burglary in violation of LSA-R.S. 14:62. The jury returned a verdict of guilty of attempted simple burglary and, after a habitual offender hearing, the judge sentenced the defendant to six years' imprisonment.
In brief, the defendant waives two of his three assignments of errors, which we, therefore, will not consider. See State v. Richmond, La., 284 So.2d 317 (1973); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972). He relies solely upon Assignment of Error No. 2. We find no merit in his arguments, and, accordingly, affirm his conviction and sentence.
Defendant assigns as error the trial court's ruling allowing the district attorney to question the defendant concerning the details of his prior convictions after the defendant had admitted the convictions; he contends that such questions violate the provisions of LSA-R.S. 15:495.
LSA-R.S. 15:495 provides:
"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein."
In State v. Jackson, La., 307 So.2d 604 (1975), this Court held that the State, in impeaching a defense witness, may not only establish prior convictions of the witness, but also may cross-examine the witness about the details of the prior convictions in order to show the "true nature" of the offenses. In State v. Elam, La., 312 So.2d 318 (1975), we extended the Jackson holding to apply to defendants testifying in their own behalf. The defendant urges us to reappraise and overrule those decisions. We find his arguments unpersuasive. In the Jackson case, we examined the rationale of the prior jurisprudence to the contrary, and overruled it after deliberation. We find nothing in LSA-R.S. 15:495 that requires a different result. Accordingly, we adhere to the jurisprudence.
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., concurs. See the sentiments expressed in State v. Williams, La., 339 So.2d 728 decided this day.
TATE, J., dissents for the reasons set forth in State v. Williams, La., 339 So.2d 728, this date rendered, and because the details of the other crimes for which convicted, irrelevant to credibility (the purpose for which offered), were grossly prejudicial to the accused's rights of fair trial.
CALOGERO, J., dissents for the reasons he expressed in dissent in State v. Jackson, La., 307 So.2d 604 (1975) and for the reasons expressed by Justices TATE and BARKAM in that case.