339 So.2d 728 (1976)
STATE of Louisiana
v.
Elijah WILLIAMS.
No. 57713.
Supreme Court of Louisiana.
September 13, 1976.
Tilden H. Greenbaum, III, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, Elijah Williams, was convicted of attempted armed robbery, in contravention of La.R.S. 14:64, as modified by La.R.S. 14:27, and sentenced to serve thirty-one years at hard labor. He appealed and filed two assignments of error.
ASSIGNMENT OF ERROR NO. 1
Assignment of Error No. 1 complains of the trial judge's failure to protect him from improper cross-examination by the prosecuting attorney.
On direct examination defendant testified:
* * *
"Q. Have you ever been convicted of a crime before?
"A. Yes, once.
"Q. For what?
"A. Assault on a government reservation."
During cross-examination of the defendant the transcript reflects the following occurred:
"* * *
"Q. As a matter of fact, weren't you convicted of assault?
"[Defense Counsel]:

*729 "Your Honor, I think that's already been established. I don't think there's anything else that can be said legally.
"BY THE COURT:
"He is under cross examination. He can ask the question.
"[Defense Counsel]:
"He already said he was convicted of assault in Florida.
"BY THE COURT:
"I overrule the objection.
"[Defense Counsel]:
"To which ruling I respectfully object and reserve a bill of exceptions, making a part thereof the State's question, and the testimony taken thereto, and the Court's ruling.
"BY THE COURT:
"et the bill be reserved.
"EXAMINATION BY [Prosecuting Attorney]:
"Q. Where did the assault take place?
"A. The assault took place in Texas.
"Q. In Texas, not in Florida?
"A. No, sir.
"Q. Did you have a weapon in your hand?
"A. No, it was a brick.
"* * *"
Defendant contends that only the fact of his conviction of the prior offense was admissible and that allowance of introduction of additional information relating to this crime was reversible error.
In State v. Jackson, 307 So.2d 604 (La. 1975), a majority of this Court determined that there was no error in the cross-examination of a witness which sought to elicit details of an offense for which the witness was convicted for the purpose of proving the actual nature of the crime. In State v. Elam, 312 So.2d 318 (La.1975) this Court unanimously applied the rationale of the Jackson opinion to the cross-examination of a defendant who had taken the stand.
Although I personally disagree with the holding in these cases, since the language of La.R.S. 15:495 seems clearly to militate against such questioning, see, The Work of the Louisiana Appellate Courts for 1974-75-Criminal Trial Procedure, 36 La.L.Rev. 605, 662 (1976), I will not dissent from the unanimous and very recent ruling of this Court unless other members desire to reconsider the decision.
Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2 defendant asserts that the trial judge's denial of his motion for a new trial was erroneous because there was a total lack of evidence to prove an essential element of the offense and because the State failed to carry its burden to prove the defendant's guilt beyond a reasonable doubt. Our inquiry on this appeal, unlike that of a trial judge, is limited to a determination of whether there is any evidence in the record which, if believed by the jury, would support conviction. State v. Jones, 303 So.2d 486 (La. 1974). Our appellate jurisdiction is limited to questions of law only. Art. 5, § 5, La. Const. 1974.
Several patrons, including three federal law enforcement officers, and a bartender, testified that defendant entered Luke's Bar and Grill at 1022 S. Rampart Street in New Orleans on November 15, 1973, produced a chrome-plated derringer, demanded money and fled after firing two shots toward the back of the building. Defendant did not dispute the State's evidence that he was shot in the leg by police officers and arrested a short distance from the bar. Nor did he controvert the officers' testimony that a chrome-plated derringer was found on the ground in the vicinity where he was apprehended. Defendant testified, however, that he had not been in Luke's Bar and Grill but had gotten off a bus in the area to visit his aunt and that he fled from the officers only because they began shooting at him. The jury was apparently convinced by the State's witnesses and did not believe defendant's testimony. From our review of the record we conclude that the verdict is amply supported by the evidence. There is no merit in defendant's assignment of error.
*730 For these reasons, the conviction and sentence are affirmed.
TATE, J., dissents and assigns reasons.
CALOGERO, J., dissents for the reasons he expressed in dissent and the reasons expressed by Justices Tate and Barham in State v. Jackson, La., 307 So.2d 604 (1975).
TATE, Justice.
I respectfully dissent.
A witness may be examined or cross-examined as to his prior convictions only for the limited purpose of impeaching his credibility. To permit an accused, who admits the conviction, to be cross-examined as to the details of the crimes for which convictedhas no bearing on his present credibility, is grossly prejudicial to the fairness of the trial, and is not authorized by La.R.S. 15:495.
Whatever the justification under the facts of that case for the relaxation of the above principle in State v. Jackson, 307 So.2d 604 (La.1975), the present is an illustration that the decision may have been regarded as an invitation to violate basic concepts of our criminal lawthat an accused should be convicted only if guilty of his present criminal activity, not because he is a bad man or has done unrelated misdeeds in the past other than that for which now on trial. See strong criticism of Jackson decision at 36 La.L.Rev. 662-64 (1976).
Further, we should encourage those accused of crime to take the stand to present their own defense. Jackson and the decision today make prejudicially impossible the testifying in his own defense by one previously convicted of a crime. For we thus permit him to be questioned not only as to the fact of the prior conviction (allegedly only for the purpose of impeaching his credibility), but also as to its gory details (which cannot possibly be relevant to credibility in the usual instance).
The fact that this court has only recently reached its mistaken decision in Jackson, which last year overruled earlier jurisprudence, should not deter us from correcting the mistake at this early opportunity rather than later.
I respectfully dissent.