343 So.2d 177 (1977)
STATE of Louisiana
v.
Roy CHENIER.
No. 58578.
Supreme Court of Louisiana.
February 28, 1977.
*178 Paul T. Thompson, Baker, for defendantappellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Robert H. Hester, Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
Roy Chenier was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury, he was found guilty as charged. After a hearing on an information filed by the district attorney accusing defendant of being an habitual offender, the trial judge found defendant to be an habitual offender and sentenced him to serve ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence with credit given towards service of sentence for time *179 spent in actual custody prior to imposition of sentence. On appeal, defendant relies on four assignments of error for reversal of his conviction and sentence. We will consider these assigned errors in the order in which they appear in the record.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends the trial judge erred in overruling his objection and in denying his motion for a mistrial based on certain cross-examination by the state of defendant concerning a prior criminal conviction.
Defendant admitted during direct examination that he had on a prior occasion pleaded guilty to a charge of theft. On cross-examination, the district attorney referred to the bill of information charging that offense and propounded the following question:
Was that under bill of information 90,686, which charged you on the 10th day of January, 1972 with committing felony theft of a wrist watch valued in excess of a hundred dollars, property of Bob Johnson?
Defendant responded in the affirmative, whereupon defense counsel objected and moved for a mistrial outside the presence of the jury, arguing that reference to the name of the theft victim "Bob Johnson" was inflammatory and would tend to connect defendant with the beating several years earlier of an individual with the same name. The record does not support this contention. We note at the outset the name "Bob Johnson" is not an uncommon one. Moreover, the record is devoid of any evidence indicating that the jurors had reason to connect the Bob Johnson mentioned in defendant's theft indictment with the Bob Johnson who had been beaten several years earlier. No suggestion was ever made during trial that defendant had been connected with that beating. Accordingly, we do not find that the mere mention of the name "Bob Johnson" as the theft victim designated in the bill of information was either inflammatory or prejudicial.
Defendant also argued as a ground for his motion for mistrial that the state's question improperly referred to the details of defendant's theft conviction and constituted a reference to another crime committed by defendant as to which evidence was inadmissible thereby entitling him to a mistrial under La. Code Crim.P. art. 770. It is well settled that evidence of prior convictions is admissible to question a defendant's credibility when he chooses to take the stand and testify in his own behalf. La. R.S. 15:495; State v. Hatch, 305 So.2d 497 (La.1974); State v. White, 301 So.2d 321 (La.1974). Since such evidence is admissible, La. Code Crim.P. art. 770 is inapplicable.
Moreover, this court has held that it is permissible to cross-examine a defendant concerning the details of previous convictions in order to establish the nature of the offense. State v. Williams, 339 So.2d 728 (La.1976); State v. Jackson, 339 So.2d 730 (La.1976); State v. Elam, 312 So.2d 318 (La.1975).
In the instant case, defendant had admitted on direct examination only that he had pleaded guilty to a theft. Defendant did not testify concerning what was stolen, the value of the property taken, or whether the offense was a felony or misdemeanor. The disputed question of the district attorney on cross-examination sought only to put these basic facts contained in the bill of information charging the offense before the jurors so that they might better assess the defendant's credibility in light of his past criminal conduct. The state was entitled to present this evidence in order to impeach defendant's testimony. Moreover, other than the aforesaid question and defendant's answer, no further evidence was adduced as to the details of defendant's prior theft conviction.
In sum, we cannot say that the question propounded by the district attorney concerning defendant's prior conviction was either improper or inflammatory. Accordingly, we do not find that the trial judge erred in overruling defendant's objection and in denying his motion for a mistrial.
*180 Assignments of Error Nos. 1 and 2 are without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in failing to rule on his motion to quash the indictment under which he was being prosecuted. In this motion defendant alleged that he had been denied his right to a speedy trial guaranteed in the state and federal constitutions.
On the day of trial and after the jury had been selected and sworn, defense counsel advised the judge that a motion to quash filed by defendant in proper person and based on denial of a speedy trial had not yet been disposed of. Defendant requested either a recess or an immediate hearing and disposition of this matter. Thereupon, the trial judge discharged the jury until the next day and proceeded with an immediate evidentiary hearing on the motion to quash. At the conclusion of this hearing, defense counsel indicated that he would like to reserve the right to submit certain court records and to adduce the testimony of an absent witness, Miss Debra English. The trial judge agreed to defer completion of the hearing and his ruling on the matter until such time as defendant was ready to present the remainder of his evidence.[1] In the meantime, trial on the merits proceeded without objection. At no time either during trial or at the conclusion thereof did defendant inform the court either that he was prepared to go forward with the evidence he lacked at the initial hearing or that he desired a ruling based on the evidence already presented. We are of the opinion that where, as here, the completion of a hearing on a defense motion is deferred in order to afford defendant the opportunity to present further evidence, it is encumbent upon defendant to either present that evidence or inform the court that he no longer desires to do so. In the absence of such action on defendant's part, we are unable to say that the trial judge committed reversible error in failing to rule on defendant's motion to quash the indictment.
In any event, we have carefully reviewed the allegations of denial of a speedy trial raised in defendant's motion to quash. This court has recognized that in determining whether this constitutional right has been violated, no fixed time period governs; rather, the conduct of both the prosecution and the defense are weighed in light of several factors: the length of delay; the reason for the delay; the defendant's assertion of his right and the actual prejudice to defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Bullock, 311 So.2d 242 (La.1975). We are satisfied that the facts and circumstances of this case, when considered in light of the four factors set out in Barker, do not demonstrate that defendant has been denied his right to a speedy trial.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends that the trial judge erred in admitting testimony at trial relating to a pre-indictment lineup identification of defendant. He argues that the admission of this testimony violated his constitutional right to counsel because the same attorney who represented him at the lineup and who was in the best position to effectively cross-examine witnesses regarding that procedure did not also represent him at trial. This contention is without merit.
It is well established that neither the state nor federal constitutions guarantee a defendant the right to counsel at a pre-indictment lineup. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); State v. Bias, 337 So.2d 426 (La.1976); State v. Johnson, 327 So.2d 388 (La.1976); State v. Vince, 305 So.2d 916 (La.1974). While defendant in the instant case was *181 represented at the pre-indictment lineup by an attorney from the public defender's office, he was not constitutionally entitled to counsel during that procedure. Therefore, there is no basis to defendant's argument that he had a constitutional right to representation by the same attorney at trial. Hence, the trial judge did not err in admitting testimony at trial regarding defendant's pre-indictment lineup identification.
Assignment of Error No. 4 lacks merit.
For the first time in brief, defendant urges that the ninety-nine year sentence imposed by the trial judge constitutes cruel, unusual or excessive punishment and that the amendment of the bill of information filed against him from the charge of simple robbery to armed robbery subjected him to double jeopardy.
The record indicates that neither of these alleged errors was objected to at the time of their occurrence in accordance with La. Code Crim.P. art. 841 which provides that an irregularity or error cannot be availed of after trial unless it was objected to at the time of occurrence. Nor were the alleged errors designated in writing and filed in the trial court as errors to be urged on appeal as required by La. Code Crim.P. art. 844. Failing to follow the requisite assignment of errors procedures, the alleged errors cannot be considered on appeal unless they are discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. La. Code Crim.P. art. 920.
An allegation that a sentence imposed constitutes cruel, unusual or excessive punishment under the particular circumstances of a case does not present an error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. State v. Anthony, 332 So.2d 214 (La.1976). Nor does the mere fact that a bill of information is amended to charge armed robbery, rather than simple robbery, present such an error.
Accordingly, these alleged errors are not properly before us for review.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., concurs and assigns written reasons.
DIXON, J., concurs.
CALOGERO, J., dissents and assigns reasons.
DENNIS, J., concurs. Although I continue to disagree with the holdings in State v. Williams, 339 So.2d 728 (La.1976); State v. Jackson, 339 So.2d 730 (La.1976) and State v. Elam, 312 So.2d 318 (La.1975), in view of the unanimous decision of the court in the latter case, I concur in the result.
TATE, Justice, concurring.
I agree with the views as to the law expressed in my brother Calogero's dissent, as well as to the probable prejudice resulting from the unnecessary injection of the name of Bob Johnson into the present prosecution unrelated to the crime against him. However, I am not at this time prepared to find that the record before us demonstrates such prejudice.
On the other hand, I do recognize the difficulty of establishing the prejudice. This might require, at the least, establishing that the present jurors or the Baton Rouge population generally were as familiar with the incident involving Bob Johnson as are the members of this court, from our review of convictions involving the riot in which he was brutally beaten.
Absent such showing in the record, the writer is reluctant to find prejudice in the brief reference to Bob Johnson, fully recognizing that by so doing any real prejudice, if caused, is made virtually unreviewable by us.
CALOGERO, Justice, dissenting.
I dissent, for I believe that there is merit in assignments of error numbers one and two.
It is true that, under the present majority view in this Court, details of a past conviction *182 may be probed to establish the "true nature" of a crime, this being considered a matter which is relevant to the credibility of a witness. See State v. Jackson, 339 So.2d 730 (La.1976); State v. Williams, 339 So.2d 728 (La.1976); State v. Elam, 312 So.2d 318 (La.1975); State v. Jackson, 307 So.2d 604 (La.1975). I do not subscribe to that majority view as is evident from my dissents in State v. Jackson, supra, and State v. Jackson, supra. See also the criticism of State v. Jackson appearing at 36 La.L.Rev. 662-64 (1976).
The facts of the instant case amply illustrate the abuse to which the present rule is subject. The nature of the defendant's prior conviction would have been adequately explained insofar as credibility is concerned if it had been shown only that a wristwatch valued at more than one hundred dollars had been stolen. The fact that the victim of the theft was Bob Johnson, the newsman who is still in a coma as a result of a brutal beating during the widely-publicized Black Muslim affair in Baton Rouge, Louisiana, would have been inadmissible under the rulings of this Court prior to State v. Jackson, supra (State v. Brent, 248 La. 1072, 184 So.2d 14 (1966); State v. PerJcins, 248 La. 293, 178 So.2d 255 (1965); State v. Danna, 170 La. 775, 129 So. 154 (1930); See State v. Kelly, 271 So.2d 870 (La.1973)) and should have been inadmissible considering its very prejudicial effect and its low probative value on the question of credibility.
NOTES
[1] La. Code Crim.P. art. 535 provides that a hearing on a motion to quash need not precede trial on the merits but may be deferred at the discretion of the trial judge in order to avoid the need for a continuance.