347 So.2d 205 (1977)
STATE of Louisiana
v.
Milton VICTOR.
No. 59111.
Supreme Court of Louisiana.
June 20, 1977.
*206 Lyall G. Shiell, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
The defendant, Milton Victor, appeals from his conviction of the crime of aggravated battery, La.R.S. 14:34, and sentence of five years at hard labor, on the basis of one assignment of error reserved during trial.
Defendant asserts that it was error to allow the prosecuting attorney to question the defendant on cross-examination concerning prior criminal convictions. We find no merit in this assignment of error. La. R.S. 15:495 allows the introduction of evidence of prior convictions for the purpose of impeaching credibility of a witness. This Court is sharply divided on the question of whether the details of a prior offense, as well as the fact of conviction, are admissible for this purpose.[1] Our review of the record in the instant case, however, discloses that the prosecuting attorney's questions were directed toward determining exactly which crime the witness had committed and not to the factual details of the offense.[2]
Accordingly, the conviction and sentence are affirmed.
NOTES
[1] Although a majority of this Court held that such details are admissible, State v. Jackson, 307 So.2d 604 (La.1975); State v. Elam, 312 So.2d 318 (La.1975), departing from the previous jurisprudence of this Court, State v. Kelly, 271 So.2d 870 (La. 1973); State v. Brent, 248 La. 1072, 184 So.2d 14 (1966); State v. Danna, 170 La. 755, 129 So. 154 (1930), a large minority of this Court is of the opinion that the present majority view is unsound and contrary to the clear intention of La.R.S. 15:495. See, State v. Williams, 339 So.2d 728 (La.1976); State v. Jackson, 339 So.2d 730 (La.1976). See also, The Work of the Louisiana Appellate Courts for the 1974-1975 Term Evidence, 36 La.L.Rev. 662-64 (1976); McCormick on Evidence, § 43 at 84-90 (2d ed. 1972).
[2] The questions of the prosecuting attorney objected to by the defense were:

"Q. Your attorney asked you about an assault charge, that was aggravated assault, wasn't it? Wasn't it aggravated assault? In other words, with the use of a dangerous weapon?
"* * * *
"Q. Was it just an assault or aggravated asault with the use of a dangerous weapon?"