353 So.2d 272 (1977)
STATE of Louisiana
v.
Earl DUPAR.
No. 60181.
Supreme Court of Louisiana.
December 19, 1977.
Barry F. Viosca, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
*273 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Dist. Atty., Harry F. Connick, Dist. Atty., Nick F. Noriea, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Earl Dupar was charged in the same information with the separate offenses of attempted aggravated rape (La. R.S. 14:27; La. R.S. 14:42) and attempted second degree murder (La. R.S. 14:27; La. R.S. 14:30.1). Defendant was tried for both offenses by the same jury and was found guilty as charged for each offense. After the convictions, but prior to sentencing, the district attorney filed an information accusing defendant of a previous felony conviction under La. R.S. 15:529.1 (Habitual Offender Law). After hearing, the court found defendant to be an habitual offender and sentenced him to serve fifty years at hard labor on each of the offenses, the sentence for attempted second degree murder to run consecutively with that for attempted aggravated rape. The court granted defendant credit toward service of the sentences for time spent in actual custody prior to imposition of the sentences. On appeal, defendant relies on two assignments of error for reversal of his convictions and sentences.

ASSIGNMENT OF ERROR NO.1
Defendant contends the trial court erred in overruling his objection to a question propounded to a state witness on direct examination. On appeal, he argues that the question was irrelevant and asked only to inflame the jury and prejudice defendant.
At trial, the state asked the victim of the alleged offenses to state her occupation. The question was one of several introductory inquiries. She replied that she was a teacher. The state then asked where she taught. Defendant objected to the question without stating any basis therefor. The trial court overruled the objection and allowed the witness to answer the question.
Article 841 of the Code of Criminal Procedure provides that an irregularity or error cannot be availed of after verdict unless defendant has made known to the court his objection and the grounds therefor. It is well settled that defendant must state the basis for his objection when he makes it so that the trial judge has an opportunity to rule on it and prevent or cure an error. An objection stating no basis presents nothing for this court to review. State v. Lewis, 353 So.2d 703 (La.1977); State v. Burnette, 337 So.2d 1096 (La.1976); State v. Sosa, 328 So.2d 889 (La.1976). In any event, we find nothing objectionable in asking a witness to state where she works as introductory information. Moreover, on cross-examination, defendant questioned the witness in detail about the place of her employment as a teacher.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial court erred in allowing the state to cross-examine defendant concerning the details of a prior conviction after defendant had admitted the conviction.
At trial, defendant testified in his own behalf. On direct examination, defendant admitted that he had pled guilty to a prior charge for simple kidnapping. On cross-examination, the state asked defendant if he had admitted having been convicted of simple kidnapping. Defendant replied, "Attempted." The state then proceeded to impeach defendant's credibility by referring to a certified copy of the bill of information charging defendant with simple kidnapping. Defendant objected to the subject of inquiry on the ground that defendant had admitted, presumably on direct examination, that he had pled guilty to simple kidnapping. The trial court inspected the certified copy of the bill of information and overruled the objection. The state was then permitted to relate the charge in the certified copy of the bill of information and the minute entry of the plea noted on the reverse side of the information. It showed *274 that defendant had been charged with simple kidnapping and had pled guilty as charged.
La. R.S. 15:495 provides:
Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
In the instant case, when asked on cross-examination if he had admitted having been previously convicted of simple kidnapping, defendant answered, "Attempted." This response indicates that he admitted having been convicted only of attempted simple kidnapping and does not constitute a distinct admission of the prior conviction for simple kidnapping. Such failure to distinctly admit the prior conviction entitles the state to adduce evidence of the prior conviction from any other source than defendant. La. R.S. 15:495. Hence, reference to the certified copy of the bill of information charging defendant with simple kidnapping and the minute entry showing his guilty plea was a proper form of impeachment of defendant's credibility.
But, even assuming arguendo that defendant had distinctly admitted his prior conviction for simple kidnapping, the reference to the certified copy of the bill of information and the minute entry showing his guilty plea therefor would not be error. In State v. Jackson, 307 So.2d 604 (La.1975), this court held that the state, in impeaching the credibility of a defense witness, may not only establish prior convictions of the witness, but also may cross-examine the witness about the details of the prior convictions in order to show the "true nature" of the offenses. The Jackson holding has since been extended to apply to defendants testifying in their own behalf. State v. Elzie, 351 So.2d 1174 (La.1977); State v. Victor, 347 So.2d 205 (La.1977); State v. Jackson, 339 So.2d 730 (La.1976); State v. Williams, 339 So.2d 728 (La.1976); State v. Elam, 312 So.2d 318 (La.1975).
Assignment of Error No. 2 is without merit.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
TATE, J., concurs and assigns reasons.
CALOGERO, J., concurs.
DENNIS, J., dissents and assigns reasons.
TATE, Justice, concurring.
I concur only because a majority of this court has not yet overruled State v. Jackson, 307 So.2d 604 (La.1975).
There, contrary to a rule of virtually every other American and English jurisdiction, a majority of this court held that the state, in impeaching the credibility of a witness because of his prior conviction of a crime, La. R.S. 15:495, could likewise cross-examine the witness as to the details of the crime to establish its true nature. In so doing, a three-judge plurality of this court overruled a long line of jurisprudence of this court; see State v. Brent, 248 La. 1072, 184 So.2d 14, 19 (1966) and decisions cited therein, as well as the general national rule applicable in such circumstances, as summarized at McCormick on Evidence (2d ed. 1972) at page 88: "* * * the more reasonable practice, minimizing prejudice and distraction from the issues, is the generally prevailing one that beyond the name of the crime, the time and place of conviction, and the punishment; further details such as the name of the victim and the aggravating circumstances may not be inquired into."
As McCormick notes, pages 88-90, the use of prior convictions for impeachment purposes is itself subject to increasing criticism. *275 In the first place, many such convictions have no real relevance to credibility they just prejudicially indicate that the accused is a bad man. In the second place, the ability to bring prior convictions to the attention of the jury discourages a person accused of crime from taking the stand and testifying as to his version of the circumstances of the crime for which (alone) he is on trial; the jury is thus in many instances deprived of this relevant testimony.
The plurality decision in Jackson has been criticized by the law review commentators as contrary not only to the statutory provision of La. R.S. 15:495 that the witness "can only be questioned as to conviction", but also to fundamental values of our criminal procedure attempting to insulate an accused from prejudicial reference to other crimes irrelevant to the present offense for which he is on trial. See e. g., Pugh, 36 La.L.Rev. 662-64 (1976).
When most modern criminal-procedure reform proposals envisage limiting impeachment through informing the jury only of the fact of a prior conviction, it is unfortunate that a majority of this court has resurrected ancient practices with regard to prior-conviction impeachment, which were long ago discarded by Louisiana and by most other jurisdictions.
Jackson and its progeny should be overruled. Sooner or later, the excesses permitted by its relaxation of our statutory rule will require its overruling. In the recent past, this court was similarly forced to overrule jurisprudence which laxly, beyond the statutory intent and ordinary notions of fair play, permitted broad admission of other-crime testimony for purposes of proving intent or system. See State v. Prieur, 277 So.2d 134 (La.1973).
Theoretically, convictions are available to impeach the credibility of a witness upon the sole ground that, if once convicted, a felon is less likely to be a truthful man than a person not convicted. Whatever the logic or merit to this belief, any exploration of the details of the conviction bears no reasonable relationship to the credibility of the witnessit can only serve, when the witness is the accused, to create jury prejudice arising from circumstances irrelevant to innocence or guilt of the present charge.
In my opinion, Jackson should be overruled by this decision, as inevitably it will be someday. I concur only because, until a majority of this court similarly concludes, a continued reiteration of my previous dissents serves no useful purpose.
DENNIS, Justice, dissenting.
I respectfully disagree with the holding in State v. Jackson, 307 So.2d 604 (La.1975), and with the majority opinion in this case which approves of cross-examination of the defendant about his choking the victim in a prior kidnapping offense in connection with impeachment of his testimony. His commission of the prior felony was relevant to his credibility, but the violence associated with the other crime could only serve to inflame the jury.