387 So.2d 1154 (1980)
STATE of Louisiana
v.
Joe Buddy OLIVER.
No. 66918.
Supreme Court of Louisiana.
September 3, 1980.
Rehearing Denied October 6, 1980.
*1155 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Sp. Prosecutor, for plaintiff-appellee.
Wellborn Jack, Jr., Jack, Jack, Cary & Cary, Shreveport, for defendant-appellant.
WATSON, Justice.
Defendant, Joe Buddy Oliver, was tried and found guilty of first degree murder. LSA-R.S. 14:30. After the sentencing hearing, the jury was unable to agree on a recommendation, and the trial court sentenced him to life imprisonment, without benefit of probation, parole or suspension of sentence. LSA-C.Cr.P. art. 905.8. Defendant appeals from the conviction and sentence, relying on fifteen assignments of error.
Bobby Nix and Billy Gordon were murdered on January 17, 1978. Either defendant Oliver or Roy Spearman was in the back seat of the automobile occupied by the four young men and fired the fatal shots. Nix, who was involved in drug activity with Oliver and Spearman, was the primary target. Gordon had the misfortune of being present. Prior to this trial, Spearman pleaded guilty to second degree murder and was sentenced to life imprisonment. He and Oliver gave conflicting testimony; each named the other as the person firing the shots.
Assignments of error number five, six, twelve and thirteen, relating to the prosecutor's argument that Oliver, a white man, had previously raped a black woman, have merit. The other assignments of error will not be considered.
Oliver had one prior conviction of attempted armed robbery. He had been accused of raping one of the victims of that crime. The prosecution advised the defense that this fact would be brought before the jury. Counsel for defendant argued the extreme prejudice to his client and asked that the prosecution be instructed not to ask about rape. (Tr., Vol. 5, pp. 11-26) The court ruled that the facts of the prior conviction were proper subjects for jury consideration, relying on State v. Jackson, 307 So.2d 604 (La., 1975). An objection was made to the ruling.
Jackson, supra, has been severely criticized. See 36 La.L.Rev. 662; State v. Williams, 339 So.2d 728, (La., 1976); the concurrence by Justice Tate in State v. Dupar, 353 So.2d 272 (La., 1977); the dissent by Justice Calogero in State v. Chenier, 343 So.2d 177 (La., 1977); and 38 La.L.Rev. 899. Even the leeway allowed by Jackson has its limits. The trial court has the duty of restricting an inquiry into details of a past conviction within reasonable bounds. State v. Brown, 371 So.2d 746 (La., 1979). However, regardless of the merits of the Jackson decision, it cannot control the result here.
*1156 Despite the trial court's ruling, there is no evidence in this record that Oliver ever raped anyone. The prosecutor first established that the victim of the prior robbery was black and then read from what he referred to as a "Judgment" the following:
"tell me if this is correct or not. `After the Defendant had taken the victim's money, he then forced her in the back seat of the automobile where he had intercourse with her'?" (Tr., Vol. 7, p. 95)
Defense counsel's objection to the question was overruled, but it was never answered. The prosecution proceeded as though there had been an affirmative reply.
In closing argument, the prosecutor was trying to convince the jury that Oliver rather than Spearman fired the fatal shots. He argued the prior offense, stating:
"There wasn't anybody in the back seat of that car at Walker's Restaurant but him. One person pulled a knife on that woman, but him. Wasn't but one person that robbed her and raped her, but him." (Tr., Vol. 8, p. 290)
Defense counsel made a strenuous objection and the trial court ruled that there would be ". . . no further comment about that." (Tr., Vol. 8, p. 290). It is not clear to whom the remark was addressed. The prosecutor went on after the court spoke:
"You recall Joe Buddy Oliver's testimony, when I was reading to him the facts. Yes, that is what he was convicted of." (Tr., Vol. 8, p. 290)
Subsequently, in rebuttal, the prosecutor referred to Oliver as: "The man that committed an armed robbery and rape." (Tr., Vol. 8, p. 315) After objection, the trial court asked that the remark not be repeated but failed to reprimand the prosecutor, as requested. The jury should have been admonished to disregard the remark. LSA-C.Cr.P. arts. 770, 771. Compare State v. Sykes, 364 So.2d 1293 (La., 1978). The prosecutor then alluded to "the facts" and "details" of the "other crime", which "they" didn't want the jury to hear. (Tr., Vol. 8, p. 316). Throughout his rebuttal, the prosecutor referred, directly and indirectly, to armed robbery and rape. The rape was not even in evidence. In addition to its appeal to prejudice, the argument exceeded the scope of proper rebuttal. LSA-C.Cr.P. art. 774.
The prosecutor did not use the evidence of a prior conviction to impeach Oliver's credibility, as allowed by LSA-R.S. 15:495.[1] There is nothing in the record to show that Oliver was ever even charged with rape. Yet, the prosecutor presumed for jury argument that there was a conviction. The irrelevant details of a prior course of conduct were used not only to attack Oliver's credibility, but to secure a conviction in violation of LSA-R.S. 15:491[2] and 15:494.[3]
Jackson, supra, involved cross-examination of a witness other than the defendant. None of the cases extending the ruling of Jackson to defendants testifying in their own behalf involved the extreme prejudice presented here. Jackson must be narrowly, rather than broadly, construed and care must be taken to avoid prejudice to the rights of the accused by expansive reference to details of a former conviction.
*1157 In State v. Morrison, La., 343 So.2d 182 "There was no impermissible reference to other criminal conduct by the prosecution." 343 So.2d 184. In State v. Elzie, 351 So.2d 1174 (La., 1977) defendant was charged with rape, had three prior convictions and also admitted to a rape accusation in connection with a prior simple battery charge. Although the evidence was prejudicial, it at least concerned a crime similar to the one with which defendant was charged. There is no indication that the prosecution exploited the evidence. In State v. Dupar, 353 So.2d. 272 (La., 1977) and State v. Carter, 363 So.2d 893 (La., 1978) the questions about a prior conviction were directed only at defendant's credibility. In State v. Thompson, 364 So.2d 908 (La., 1978) the facts elicited from defendant about his former convictions on minor charges actually minimized the nature of those crimes. State v. Sykes, supra, involved a defendant convicted in the past of manslaughter who was asked at trial if he had been charged with murder. An objection to the question was sustained and the jury was admonished to disregard the question. State v. Chenier, 343 So.2d 177 (La., 1977) was a case where the details elicited appear on the surface to be innocuous.
The jury must have thought Oliver to be a rapist and hence disposed to violence. This inference, drawn solely from the prosecutor, was highly prejudicial. A past accusation was used to convict Oliver of these murders. There was a clear violation of LSA-R.S. 15:495 and 15:446.[4]
The evidence was that Spearman rather than Oliver had a motive to kill Nix. A psychiatrist testified that Oliver's personality made him a follower of leader Spearman. It is quite possible that the jury would have brought in a different verdict if the irrelevant evidence about the details of the alleged rape had not established defendant to be capable of violent criminal acts. The record strongly indicates that this evidence, which had no probative value, led the jury to convict Oliver because he was a bad person who had probably committed this double murder. The substantial prejudice prevented a fair trial. LSA-C.Cr.P. art. 921; LSA-Const. Art. 1 § 16. The conviction and sentence must be reversed.
For the foregoing reasons, the conviction and sentence of defendant are reversed, and the matter is remanded for a new trial.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 15:495 provides:

"Impeachment by Evidence of conviction; condition precedent to proof by others; prohibition against cross-examination as to indictment or arrest
"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein."
[2] LSA-R.S. 15:491 provides:

"When the general credibility is attacked, the inquiry must be limited to general reputation, and can not go into particular acts, vices or courses of conduct."
[3] LSA-R.S. 15:494 provides:

"It is not competent to impeach a witness as to collateral facts or irrelevant matter."
[4] LSA-R.S. 15:446 provides:

"Evidence where knowledge or intent is material and where offense is one of a system
"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."