403 So.2d 678 (1981)
STATE of Louisiana
v.
Charles Alfred CONNOR.
No. 80-KA-2828.
Supreme Court of Louisiana.
September 8, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph Roy, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
M. Michele Fournet, Asst. Public Defender, for defendant-appellant.
EDWARDS, Justice Ad Hoc.[*]
Charles Alfred Connor was convicted by a jury of second degree murder in violation of LSA-R.S. 14:30.1. Defendant appeals on the basis of four assignments of error. Three assignments of error were neither briefed nor argued before this court and are considered abandoned. State v. Sonnier, 379 So.2d 1336 (La.1979); State v. Wientjies, 341 So.2d 390 (La.1976); and State v. Phillips, 337 So.2d 1157 (La.1976).
*679 ASSIGNMENT OF ERROR NO. 4
During trial, Connor was asked on direct examination if he had ever pled guilty to any crimes. Defendant admitted pleading guilty to manslaughter in 1960 and serving a twelve year sentence for that offense. He further admitted a 1952 guilty plea to aggravated battery and having served a three year sentence for that offense.
On cross-examination of Connor, the assistant district attorney elicited the following testimony at Tr. 171-172:
"BY MR. ROY:
Q You claimed or you testified that you pled guilty to aggravated battery in 1952?
A Yes
Q You got three years; sentenced to three years?
A Yea.
Q You were discharged in '54, November, '54, two years later, is that right?
A Right.
Q Now, this plea to aggravated battery that you were guilty that you admitted making, that was a plea bargain deal, was it not?
A No sir.
Q On that occasion were you not in this veryit came out of Baton Rouge, did it not?
A I
Q I say this incident arose out of Baton Rouge?
A It happened here in Baton Rouge.
Q That's right. And were you not at that time charged
MR. CALMES: Your Honor, I'm going to object.
MR. ROY: Let me finish my question.
THE COURT: Let him finish his question.
BY MR. ROY:
Q My question is this; you better believe let me talk. My question is this; were you not charged and booked with two counts of aggravated battery and you made a deal and pled to one?
A I didn't make no deal.
Q True or not; beg you pardon?
A I didn't make any deal with anyone.
MR. CALMES: Your Honor, I'm
A One charge was dropped.
MR. ROY: Well, I'll be happy to respond, Your Honor.
THE COURT: You want the jury out?
MR. ROY: Either way; it's immaterial to me.
THE COURT: I think we should talk about convictions and nothing more. I'm not interested in arrests and neither is that jury.
MR. ROY: Your Honor, may I be heard, with or without the jury?
THE COURT: All right. Ladies and gentlemen, no discussion.
REPORTER'S NOTE: The jury was retired from the courtroom."
Following the jury's retirement, the prosecutor explained to the court that he wanted to counter defendant's ploy of showing that he, defendant, was "a good, honest Samaritan, that when he commits a crime he comes in and he says he's guilty." The prosecutor stated that he was prepared to show that in 1952 the defendant had pleaded guilty to fewer crimes than he had been charged with. He also stated that he was prepared to show that defendant was originally charged with murder prior to his 1960 manslaughter guilty plea.
The trial court, concerned that reversible error might be committed, ruled that the state would henceforth be restricted to questions about prior convictions. Counsel for the defense then moved for a mistrial on the basis of the prosecutor's questions before the jury. The trial court denied the motion for mistrial.
LSA-R.S. 15:495 provides:
"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit *680 the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein."
State v. Jackson, 307 So.2d 604 (La. 1975), held that it was not error to cross-examine a witness to obtain details of an offense for which the witness was convicted, in order to establish the true nature of the offense. Cross-examination about prior convictions, in order to establish the nature of the offense, is allowed when the defendant is a witness. State v. Chenier, 343 So.2d 177 (La.1977); State v. Williams, 339 So.2d 728 (La.1976); State v. Jackson, 339 So.2d 730 (La.1976).
State v. Oliver, 387 So.2d 1154 (La.1980), noted severe criticism of Jackson, and held that:

"Jackson must be narrowly, rather than broadly, construed and care must be taken to avoid prejudice to the rights of the accused by expansive references to details of a former conviction."
In Oliver, reversible error was found in the prosecution's use of an alleged but uncharged offense to attack the defendant's credibility.
Jackson, supra, should be limited to questioning relative to prior convictions. It does not create a standard for questioning a witness about prior arrests or charges. Only limited questioning as to the facts of prior conviction is permissible. Minor details of far ranging and irrelevant matters such as conditions of probation, alleged but uncharged offenses and charges dropped in response to a guilty plea may not be used to cast doubt on a defendant's credibility. The prosecutor's questions of this nature were improper.
However, this improper questioning does not require reversal in this case. The record reveals that the evidence of defendant's guilt was overwhelming. The murder took place in a pool hall in the presence of numerous witnesses who knew both victim and killer. The jury viewed the evidence, heard the testimony, observed the demeanor of all the witnesses and evidently did not believe defendant's story that the victim had threatened him on prior occasions.
In the face of the evidence in the record, the improper questioning conducted by the prosecution could not have had any effect on the jury's decision. The improper questioning had no significant bearing on the outcome of the case and, therefore, does not constitute grounds for reversal. State v. Davis, 289 So.2d 123 (La.1974).
This assignment of error lacks merit.
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.
NOTES
[*] Judges Lottinger, Edwards and Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.