CIACCIO, Judge.
Defendant Brian Mondy was charged with two counts of armed robbery. La.R.S. 14:64. He was convicted as charged on count two and found guilty of simple robbery on count one. The court sentenced the defendant to fifty years at hard labor without benefit of parole, probation or suspension of sentence on count two and five years at hard labor on count one. The sentences are to run concurrently. Following a multiple bill hearing the defendant was adjudicated a double offender. His original sentence was vacated and the court resentenced him to fifty years at hard labor, without benefit of parole, probation or suspension of sentence. We affirm the defendant’s conviction, vacate his multiple offender sentence, and remand for resentencing in accord with this decision.
The record reveals the following events surrounding the commission of the crime:
On April 12, 1986, Ms. Bernita Ardone left work at 11:00 p.m. and went with a friend, Mr. Maurice Lyles, to McDonald’s. After eating, approximately forty-five (45) minutes later, the two were walking and noticed two trucks blocking the sidewalk at the intersection of Chef Menteur Highway and Louisa Street. Ms. Ardone and Mr. Lyles continued walking when the trucks stopped in front of them, two men jumped out, one of whom had a knife, and said, “Give it up”. Mr. Lyles gave the man his chain; Ms. Ardone refused to relinquish either her purse or her jewelry and began to flee from the two. One of the two perpetrators, later discovered to be Mr. Brian Mondy, the defendant herein, grabbed her around her neck from behind and took her purse and jewelry. He then ran back to the truck and fled.
Ms. Ardone and Mr. Lyles did not call the police until the following night. They were both scared.
Mr. Lyles thereafter saw the defendant, for a second time, while in the vicinity of the original attack. He copied the license number from the vehicle of his assailant and phoned to alert the police.
Officer Christy Williams visited each victim at separate locations approximately two months after the robbery and she presented each victim with a group of photographs for them to view. Ms. Ardone and Mr. Lyles each individually identified the photograph of Brian Mondy as their assailant. They also specified that Monday was not the same assailant who had held the knife during their attack.
In his sole assignment of error, the defendant contends the trial court committed reversable error when it refused to grant him a mistrial. The mistrial request was based upon his objection to evidence which he contends was inadmissible “other crimes” evidence. La.R.S. 15:495.
Louisiana Revised Statute Title 15 Section 495 provides:
R.S. 15 Sec. 495. Impeachment by evidence of conviction; condition precedent to proof by others; prohibition against cross-examination as to indictment or arrest
Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to convic *865 tion, and as provided herein. Amended by Acts 1952, No. 180, Sec. 1
In State v. Connor, the Louisiana Supreme Court held that when a prosecutor inquired into what the defendant was charged with and what he pled guilty to, that the line of questioning was improper since “minor details of far ranging and irrelevant matters such as conditions of probation, alleged but uncharged offenses and charges dropped in response to a guilty plea may not be used to cast doubt on a defendant’s credibility.” 403 So.2d 678 at 680 (La.,1981).
In this case the following colloque occurred:
Examination by Mr. Parker:
Q. You ever been convicted of a crime?
A. Yes
Q. What you been convicted of?
A. Auto theft.
Q. And what else?
A. That’s all.
Q. Okay. You were convicted of stealing a, what was it, a 1986 Buick Regal?
A. I ain’t stole it.
Q. You didn’t steal it, but you pled guilty to it, didn’t you?
A. Ah huh.
Q. Right in the same Court.
A. Yes.
Q. And you got probation for that, right?
A. Yes.
Q. And you are still on probation?
A. Yes.
Q. And when the police arrested you in that stolen car you had a gun on you, didn’t you?
A. No.
Q. You didn’t have that.
A. No.
BY THE COURT:
What’s it got to do with this case?
BY MR. MEYER:
Yes.
BY THE COURT:
Is that an objection?
BY MR. MEYER:
Yes, sir.
BY THE COURT:
Overruled.
BY MR. MEYER:
Wait, I am going to ask for a mistrial then.
BY THE COURT:
Denied.
BY MR. MEYER:
Well, let’s approach the bench.
(OFF THE RECORD DISCUSSION)
BY MR. MEYER:
I ask for a mistrial.
BY THE COURT.
Denied.
EXAMINATION BY MR. PARKER:
Q. You are not going to admit that you had that gun, are you?
A. That’s because I ain’t have no gun on me.
Q. But you pled guilty to the auto theft charge, right?
A. Yes. [Tr 69-70]
Mondy had been convicted of possession of a stolen vehicle and this “other crimes” evidence was clearly admissible for im-peáchment purposes. However, although arrested and tried for the crime of illegal possession of a firearm, Mondy was acquitted of this charge. La.R.S. 14:95(A)(1). As such, this “other crimes” evidence was inadmissible under Louisiana Revised Statute Title 15 Section 495. The trial judge erred in admitting this irrelevant information into evidence.
Thus, we are called upon to determine whether this error mandates a reversal of the defendant’s conviction.
In this case we find that the evidence presented overwhelmingly indicated the guilt of the accused. That is, the two victims viewed their assailant face-to-face in a well lighted area for a period of about 5 minutes on the evening of the attack. Mr. Lyles viewed the defendant again the next night for between 5 and 10 minutes. Each victim identified defendant’s photograph following separate line up displays. *866 At trial the victims again identified the defendant and unequivocally stated that he had robbed them.
Since the evidence of the defendant’s guilt is overwhelming it cannot be said that the evidentiary error had a significant bearing on the jury’s verdict. Accordingly the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.