182 So.2d 70

**CITY OF LAKE CHARLES**

v.

**Honorable Murray ANDERSON, Judge**
**Lake Charles City Court.**

No. 47983.

Jan. 17, 1966.

————◆————

Robert M. McHale, City Atty., Philip J. Shaheen, Jr., Asst. City Atty., for plaintiff.

Murray Anderson, Judge, Lake Charles City Court, by Porter, Scofield & Cox, James J. Cox, Lake Charles, for respondent.

McCALEB, Justice.

This alternative remedial writ, issued at the instance of the City of Lake Charles, presents for decision the question whether a city prosecuting attorney may nolle prosequi a traffic charge in a City Court without the consent of the judge.

Curtis Richard was charged with violating the traffic ordinance of the City of Lake Charles for failing to yield the right-of-way at a stop sign. After two continuances in the city court, the city prosecutor moved to nolle prosequi the charge on the ground that the evidence available was insufficient to warrant prosecution. The judge refused to permit the nolle prosequi and requested the city prosecutor to furnish detailed reasons, in accordance with the established policy of the Lake Charles City Court and the court rules made pursuant therewith. When this request was declined by the prosecuting attorney, the judge issued a warrant for the arrest of Richard.

The City of Lake Charles then applied for writs of mandamus, certiorari and prohibition. On the showing made, we ordered the judge to either accord recognition to the prosecutor's right to nolle prosequi or show cause to the contrary in this Court, 248 La. 427, 179 So.2d 272. The judge elected the latter course and filed a return to the alternative writs of mandamus and prohibition, in which he submits that the city prosecutor has no legal right to nolle prosequi any charge without first obtaining the court's consent in accordance with its rules.

The position of relator is that, by section 4–08 of the Charter of the City of Lake Charles, the city attorney is vested with supervision over the conduct of the legal affairs of the city which necessarily encompasses prosecutions for violations of local penal ordinances and that, under the statutory law and well-settled jurisprudence of this Court, all prosecutors of criminal cases are vested with the power of nolle prosequi which may be exercised without the consent of the judge.

▮ There can be no doubt, of course, that the attorney general and the district attorneys of the State have absolute discretion to nolle prosequi any criminal case. This is specifically provided by statute (see R.S. 15:17 and R.S. 15:329) and such right has invariably been endorsed by the decisions of this Court.[1] The broad powers vested in the district attorneys have long been recognized in our adjudications prior to the inclusion of the specific provisions of Articles 17 and 329 in our Code of Criminal Procedure of 1928 which are now R.S. 15:17 and R.S. 15:329. This jurisprudence, which sanctions the right of a prosecuting attorney to nolle prosequi a criminal case without the consent of the judge, has its roots in the common law which is the procedural law governing all prosecutions of criminal cases in this State in the absence of statutory law contrary thereto.

▮ Under English Common Law and, by the great weight of authority in the com-

---

1. State v. Kavanaugh, 203 La. 1, 13 So. 2d 366; State v. Jourdain, 225 La. 1030, 74 So.2d 203; State v. Collins, 242 La. 704, 138 So.2d 546 and State v. Hingle (on rehearing), 242 La. 844, 139 So.2d 205.

mon law states, the matter of entering a nolle prosequi, in the absence of statute to the contrary, rests entirely within the discretion of the prosecuting officer and leave of court is unnecessary. See excellent discussion in State v. Moise, 48 La.Ann. 109, 18 So. 943 (1896); Marr's Criminal Jurisprudence of Louisiana, Vol. 1, 2nd Edition, Section 11, p. 35; Wharton's Criminal Law and Procedure (Anderson) Vol. 1, Section 14, p. 19; 22A C.J.S. Criminal Law § 457c, p. 5; 14 Am.Jur., Criminal Law, Section 296, p. 967. The principle is stated in Marr's Criminal Jurisprudence of Louisiana (1906) "Nolle Prosequi", Section 466, p. 804, as follows:

> "In all stages of a criminal prosecution before a jury is impanelled the prosecuting attorney has an arbitrary control over his indictments, and may enter a *nolle prosequi* as to them, at pleasure, without the consent of the court or of accused  *  *  *."

The respondent judge does not question the force of these authorities. His contention is that, as the statutes have specially conferred the power of nolle prosequi upon the attorney general and the district attorneys and do not include city attorneys and their assistants prosecuting misdemeanors or traffic violations in a city court, such officials, who, unlike district attorneys, are not elected, may not exercise the same power without the consent of the judge and further, that, since the city courts are given the right by the statute establishing them to formulate rules for the conduct of the judicial business before them (see R.S. 13:-1902), any common-law procedural rule invoked as authority for a prosecutor's right to nolle prosequi must yield to the statutory rule-making power of the judge.

We do not find these contentions tenable. The fact that R.S. 15:329 applies only to district attorneys does not justify the implication that the Legislature intended to withhold the same right of nolle prosequi from city attorneys prosecuting under local penal ordinances—nor, do we think that because city attorneys are appointed and not elected officials, provides a sound premise for holding that a city prosecutor's right to nolle prosequi must be controlled by the city judge.

It has long been the statutory law of this State that " * * * all proceedings whatsoever in the prosecution of crimes and misdemeanors shall be according to the common law of England, unless otherwise provided." It was thus declared in Section 976 of the Revised Statutes of 1870 and this principle has been incorporated in the Revised Statutes of 1950, R.S. 15:0.2 declaring that "In matters of criminal procedure where there is no express law the common law rules of procedure shall prevail."

Accordingly, since, in the absence of a contrary statute, we are obliged to apply the common law rule which grants to all pros-

ecuting attorneys the right to nolle prosequi without the consent of the court, it is seen that the judge is powerless to make a rule of court which curtails the common law right thus accorded.

For the reasons assigned, the alternative writs of mandamus and prohibition heretofore issued are made peremptory and it is ordered that the Honorable Murray Anderson, Judge of the Lake Charles City Court, permit the city prosecutor to exercise the full right of nolle prosequi by dismissing the charge against Curtis E. Richard without assigning reasons therefor.