319 So.2d 405 (1975)
STATE of Louisiana
v.
Larry D. FRANTON et al.
No. 56381.
Supreme Court of Louisiana.
October 1, 1975.
*406 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., John S. Stephens, Asst. Dist. Atty., for plaintiff-appellant.
Roy L. Beard, Cady & Beard, Shreveport, for Joe McCrary, Steve Bailey, Jack Wynne and John Wynne.
Harry D. Simmons, Shreveport, for C. Gary Mitchell and Herbert B. Johnson.
SANDERS, Chief Justice.
The State charged Larry D. Franton, Herbert B. Johnson, Gary Mitchell, Joe McCrary, Eddie Scott, Steve Bailey, John Wynne, and Jack Wynne by bills of information with trespassing, in violation of LSA-R.S. 14:63. The defendants were arraigned on February 27, 1975, and pleaded not guilty. The cases were set for trial on March 27, 1975. On March 27, prior to trial, the district attorney informed the court that he wished to "nolle prosequi" the trespassing cases. Defense counsel objected and moved that the court dismiss the charges for failure to prosecute. The court granted defendants' motion and dismissed the charges against all eight defendants for failure to prosecute.
The State appeals the court's ruling dismissing the charges against the defendants, relying on one specification of error. The State argues that the court erred in failing to give effect to its nolle prosequi and granting the defendants' motion to dismiss.
Article 691 of the Louisiana Code of Criminal Procedure provides:
"The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court."
In City of Lake Charles v. Anderson, 248 La. 787, 182 So.2d 70 (1966), we held that the entering of a nolle prosequi rests entirely within the discretion of the prosecuting attorney and leave of court is unnecessary. See also State v. Brackin, 113 La. 879, 37 So. 863 (1905); State v. Frazier, 52 La.Ann. 1305, 27 So. 799 (1900); State v. Moise, 48 La.Ann. 109, 18 So. 943 (1895); State v. Bugg, 6 Rob. 63 (1843); Marr's Criminal Jurisprudence of Louisiana, Vol. 1, 2nd Edition, Section 11, p. 35; Wharton's Criminal Law and Procedure (Anderson) Vol. 1, Section 14, p. 19; 22A C.J.S. Criminal Law § 457c, p. 5; 14 Am.Jur., Criminal Law, Section 296, p. 967.
The prevailing rule is set forth in Marr's Criminal Jurisprudence of Louisiana (1906) "Nolle Prosequi," Section 466, p. 804, as follows:
"In all stages of a criminal prosecution before a jury is impanelled the prosecuting attorney has an arbitrary control over his indictments, and may enter a nolle prosequi as to them, at pleasure, without the consent of the court or of accused. . . ."
Defendants assert that since a nolle prosequi does not bar a subsequent prosecution (see LSA-C.Cr.P. Art. 693), the District Attorney's power to nolle prosequi deprives them of their right to a speedy trial. Insofar as the present record discloses, the prosecution has not been reinstituted. If and when the prosecution is reinstituted, the denial of a speedy trial *407 may be properly raised in that proceeding. At present, such a contention is premature.
We hold that the nolle prosequi entered by the District Attorney was a valid disposition of the case. Hence, the trial judge erred in granting the defendants' motion to dismiss for lack of prosecution.
For the reasons assigned, the ruling of the trial court granting the defendants' motion to dismiss for failure to prosecute is reversed, and the nolle prosequi is recognized as a valid discharge of the bills of information according to law.