351 So.2d 122 (1977)
STATE of Louisiana.
v.
Gerri NORWOOD.
No. 59770.
Supreme Court of Louisiana.
October 10, 1977.
*123 Arthur A. Lemann, III, Supervising Atty., New Orleans, Veronica Meade, Student Practitioner, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-relator.
SANDERS, Chief Justice.
Sergeant R. Kent charged Gerri Norwood by affidavit with theft, a violation of the Municipal Code of the City of New Orleans, in the Municipal Court for the City of New Orleans. Subsequently, the District Attorney for the Parish of Orleans filed a twocount bill of information in the Criminal District Court for the Parish of Orleans, charging this defendant with battery with a dangerous weapon and theft of property valued at $450, violations of LSA-R.S. 14:34 and 14:67. The state theft charges in the District Court and the city theft charges in Municipal Court were based upon the same acts. The state charges were filed by the District Attorney on October 12, 1976. On November 4, 1976, the City Attorney for the City of New Orleans nolle prosequied the pending city charges in Municipal Court on the ground that state charges were pending against the defendant. Defendant filed a Motion to Quash the bill of information in the District Court, alleging that the theft charges filed in the District Court had first been filed in Municipal Court and that, due to the jurisdiction attaching in a court of concurrent jurisdiction, the Criminal District Court lacked jurisdiction over the matter.
After hearing on the motion, the district court granted the Motion to Quash the theft charges. On application of the State, we granted supervisory writs to determine the validity of the proceedings below. La., 345 So.2d 907 (1977).
In support of his argument that a case may not be transferred once charges have been filed in a court of competent jurisdiction, defendant cites State v. Sawyer, 220 La. 932, 57 So.2d 899 (1952); State v. Milano, 138 La. 989, 71 So. 131 (1916); and Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). These cases are inapposite and defendant's reliance upon them is misplaced.
In Sawyer, defendant was charged with drunken driving. This Court found that defendant's driving an automobile from Lake Providence to Oak Grove was a single act of driving under the influence of intoxicating liquor and the circumstance that the violation occurred in more than one parish did not alter the situation. Finding that the offense was a single act, the Court held that "there could be but one prosecution and trial and that could take place only in the court which first became seized of jurisdiction for it is a well-established rule of law that, where two courts have concurrent jurisdiction over the same subject matter, the court which first obtains jurisdiction retains it to the end of the controversy to the exclusion of all others. [Citations omitted.]"
In Milano, the district attorney first brought charges in the city court of Shreveport. After the trial of several related cases which resulted in acquittals, the district attorney nolle prosequied the charges in city court and brought charges in the district court. This Court found bad faith on the part of the district attorney in his attempting to transfer the case from one court to another because he thought that the chances for conviction were greater in another court. We also note that Milano *124 concerned only the actions of the district attorney who brought the charges in both courts rather than the independent actions of a city attorney and a district attorney, such as we have in the present case.
Waller v. Florida, supra, is inapplicable to the case before us because it involved a question of double jeopardy not presented here. In Waller, the defendant, who had been convicted in municipal court for violating two municipal ordinances, was subsequently convicted of grand larceny in the Circuit Court of Florida on charges based upon the same acts as the earlier municipal court conviction was based. The United States Supreme Court held that, since the state felony charge was based on the same acts as the earlier municipal court conviction for the lesser included offenses, the second trial constituted double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution.
In the present case, the District Court determined the issue to be: whether a prosecuting attorney has the authority to divest a court of competent jurisdiction of its authority to decide a case once jurisdiction has attached in that court and to file charges in a second court of competent jurisdiction.
Having reviewed the proceedings in the instant case, we conclude that the District Court erred in its formulation of the issue presented. Here, we are presented with a situation involving two separate and independent courts the City of New Orleans Municipal Court and the Criminal District Court and two separate and independent prosecutors the City Attorney for the Municipal Court and the District Attorney for the District Court. Therefore, we find the issue to be twofold: (1) may the district attorney for a judicial district bring state charges in district court against a defendant who has been charged with the same offenses in municipal court under a municipal ordinance? and (2) does a pre-trial nolle prosequi of the charges in one court free the remaining court to hear the case? Under the circumstances presented, we answer both questions in the affirmative.
We know of no constitutional principle that prevents the filing of appropriate charges against a defendant in several courts of concurrent jurisdiction. If, however, jeopardy attaches in one court, claims of double jeopardy will prevent the defendant from being tried in another court for the same offense. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).
LSA-Const. Art. 5 § 26(B) (1974) gives the District Attorney control of criminal prosecutions within his district. The City Attorney is accorded the same prerogative in the Municipal Court. LSA-Const. Art. 5 § 32; LSA-C.Cr.P. Art. 934(5).
The district attorney has the authority to dismiss or nolle prosequi a case without the consent of the court. LSA-C.Cr.P. Art. 691; State v. Franton, La., 319 So.2d 405. The term "district attorney" also includes city attorney. LSA-C.Cr.P. Art. 934(5). The effect of a dismissal, or nolle prosequi, is to discharge the particular indictment, bill of information, or affidavit; however, it does not bar further prosecution if it is entered before the first witness is sworn. LSA-C.Cr.P. Arts. 691, 693; State v. Franton, supra; State v. Ruffin, 117 La. 357, 41 So. 647 (1906).
In the present case, charges were filed in the Municipal Court and subsequently nolle prosequied before jeopardy attached. This action by the city attorney constituted a valid disposition of the case before that court but did not bar further prosecution. LSA-C.Cr.P. Arts. 691, 693; State v. Franton, supra; State v. Ruffin, supra. Independent charges against the defendant filed by the district attorney were then pending in district court. The municipal court action had no effect on the bill of information charging the defendant under state law. Hence, we hold that the trial judge erred in sustaining the Motion to Quash.
For the reasons assigned, the ruling of the trial judge sustaining the Motion to Quash the bill of information is reversed, and the case is remanded to the district *125 court for further proceedings in accordance with law and the views herein expressed.