354 So.2d 1356 (1978)
STATE of Louisiana
v.
Ricky J. TERREBONNE
No. 60731.
Supreme Court of Louisiana.
February 10, 1978.
A. J. Boudreaux, Staff Appeals Atty., Indigent Defender Bd., 24th Judicial Dist. Court, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., Metairie, Roy F. Blondeau, Jr., Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Affirmed.
TATE, J., concurs and assigns reasons.
CALOGERO, J., concurs, joining in TATE, J., reasons.
DENNIS, J., joins in the concurring opinion of TATE, J., and assigns additional concurring reasons.
TATE, Justice, concurring.
On the basis of present jurisprudence, I reluctantly concur in this affirmance of a mandatory life sentence for the offense of distribution of heroin.
The accused is a heroin addict. The governmental agents persuaded him to secure delivery of 22 papers of heroin to his home, with an agent paying the $175.00 price for the supplier. The accused addict was given 2 or 3 papers for his help in arranging the transaction.
The crime was thus instigated and financed by governmental agents, with full knowledge that the addict assisted them to arrange their transaction simply to satisfy his own compelling addiction. I venture to say that the life sentence received by this addict, under these circumstances, will by some future generation be regarded in the same light as we do the tales of people burned to death upon conviction of witchery many decades ago.
Technically, of course, this addict is as guilty of "distribution" as the rich and evil professional mass-supplier for whom presumably the legislature devised the life sentence for the crime, which (if constitutional) the courts must mandatorily impose. The present is just one of the score or so of life *1357 sentences we have in the present month affirmed for the distribution offense. Many, if not most, of them involve addicts like the present, induced through undercover governmental agents and their own need or their sympathy for a (presumed) fellow addict into committing the offense.
The extreme circumstances of the present case indicate to me that we should give serious consideration to re-examining our holdings that the mandatory life sentence for this drug does not offend constitutional guarantees, La.Const. Art. 1, Section 20, against cruel, excessive, or unusual punishment. See State v. Whitehurst, 319 So.2d 907 (La.1975) and subsequent decisions.
Further, the rationale of these decisions rests in part upon the former judicial discretion to afford probation or suspension of sentence, which would permit some individualization of punishment to accord with the individual offense and offender. This basis for constitutionality has been eroded by the legislative elimination of any such judicial discretion through the amendment of La.R.S. 40:966(B) by Act 631 of 1977. This enactment (providing for no judicial discretion in the imposition of mandatory life confinement for this offense) was enacted subsequent to the present offense, but it underlines the basic irrationality of a legislatively-mandated life sentence for a nonviolent drug offense, regardless of the circumstances of the crime or of the offender, or of the degree of the guilt as a retailer or wholesaler or mere giver of drugs, however large or small the quantity.
As stated by the United States Supreme Court in Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 2865, 53 L.Ed.2d 982 (1977), "a punishment is `excessive' and unconstitutional if it [either] (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime."
A federal court has recently declared a similar New York statute unconstitutional, since imposing a penalty grossly out of proportion to the offense (noting, incidentally, that, of all the fifty American states, only Louisiana similarly imposes a life sentence for certain designated drug offenses). Carmona v. Ward, 436 F.Supp. 1153 (S.D.N.Y.1977).
Neither the unconstitutionality of the statute, nor the unconstitutional excessiveness of the penalty as applied to this particular offender, has been directly raised in the present proceedings. I express no opinion at this time whether the accused is barred from post-conviction attack of his sentence in state court on this basis by the technicalities of our Louisiana criminal procedure; or whether, instead, he must resort to federal tribunals for examination of what I feel to be genuinely troubling issues of unconstitutional excessiveness of the lifesentence as posed by the facts of the present case.
Our penitentiaries are filled to bursting, new penitentiaries must be built, partly to hold the multitudes of non-dangerous minor drug offenders arrested in well-publicized dragnet operations. In them, the scorecard of success (in media recognition and in obtaining more financing for an already wellfinanced law-enforcement facet) is all too often acclaimed by the number of life-sentenced "distributors" imprisoned, without regard to how few of them are actual largescale dealers rather than addicts factually (even if not legally) entrapped into committing the offense by undercover agents of government.
Until legislative and executive organs reevaluate priorities, the courts are of course required to adjudicate the prosecutions of the flood of narcotic violations, which comprise so significant a part of the volume of our system's criminal caseload. Nevertheless, the constitutionality of the mandatory life-sentences, and the individual excessiveness of particular penalties, are a proper matter of judicial concern and adjudication.
DENNIS, Justice, concurring.
I join in the concurring opinion of Mr. Justice Tate. A sentence of life imprisonment for an addict who receives two or *1358 three papers of heroin as his "commission" for assisting an undercover agent in a $175 purchase does seem excessive. Because the legislature has failed to recognize any "rational gradations of culpability," see, Carmona v. Ward, 436 F.Supp. 1153 (S.D.N.Y.1977) in punishing those who distribute heroin, this defendant receives the same mandatory life sentence as does a major supplier. So does a person, never before involved with the law, who is convicted of giving any amount of heroin to a friend. La.R.S. 40:966(B). Moreover, probation or suspension of sentence is not available for such offenses committed after the effective date of Act 631 of 1977. This total failure to tailor the mandatory life sentence in any meaningful way to the culpability of the offender, the gravity of the offense, and the circumstances of each case causes the life sentence in such a case as this to be constitutionally suspect. See, Carmona v. Ward, supra. Nevertheless, for the reasons stated by my brother, Justice Tate, we are not squarely presented with the issue on appeal in this case. I, therefore, respectfully concur.