KNOLL, J.,
dissenting.
hi dissent from the majority opinion, which imposes a life sentence for armed robbery based an alleged crime involving less than ten dollars.
I primarily dissent because I do not believe the prosecution met its burden of proving “beyond a reasonable doubt each element of the offense.” Clark v. Arizona, 548 U.S. 735, 766, 126 S.Ct. 2709, 2729, 165 L.Ed.2d 842 (2006). One of the necessary elements of armed robbery is the “the taking of anything of value belonging to another.” La.Rev.Stat. § 14:64. I agree with the court of appeal in concluding the State failed to establish, beyond a reasonable doubt, that the accused “took” anything from Kenneth Williams against his will. It is undisputed that Williams owed the defendant between eight and ten dollars, which Williams went to pay. Williams testified:
I went to give him the money. He was down by another room, so he— instead of him asking me for the money, I went to pull the money out and pay him, and he told — pulled a gun out and told me to get the hell on and don’t come back around there.
If, as Williams claims, he repaid his debt to Jackson voluntarily, then Jackson did not commit a “taking” under La.Rev.Stat. § 14:64. Although the testimony of the police officers suggests that Williams refused to pay, the police officers did not 12witness the alleged crime. I believe that the victim’s own testimony creates a “reasonable doubt” as to whether the element of a taking was met.
I am also troubled by the inherent injustice of imposing a life sentence on defendant on such scant evidence for a crime involving, at most, ten dollars. La.Code of Crim. Proc. art. 61 grants very broad pros-ecutorial discretion to district attorneys, who are not duty-bound to prosecute each defendant to the fullest extent of the law. “A concept imbedded in our system of law enforcement is prosecutorial discretion. Prosecuting agencies have broad powers in deciding whether to institute a prosecution in a given case.” State ex rel. Guste v. K-Mart Corp., 462 So.2d 616, 620 (La.1985). Instead, district attorneys have broad discretion to enter a nolle prosequi[1] or, where appropriate, to proceed under a lesser offense.[2]
Indeed, there are circumstances where a prosecutor may be ethically required to pursue something other than the most severe sanction. The “responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict.” Plaquemines Parish Commission Council v. Perez, 379 So.2d 1373, 1387 (La.1980); accord, State v. Hamilton 478 So.2d 123, 127 n. 7 (La.1985). I believe this is just such a case. *775 The amount in controversy is so small,[3] and the circumstances of the alleged crime so uncertain, that the instant prosecution and the grossly disproportionate sentence do not further the ends of justice. I therefore respectfully dissent.

. State v. Sykes, 364 So.2d 1293, 1297 (La.1978).

. State v. Melerine, 236 La. 930, 109 So.2d 471, 479 (1959).

. Compare the $8 Jackson allegedly stole with the burden the taxpayers will bear to keep him incarcerated for the remainder of his life. Today, it costs the state of Louisiana $54 per day, or nearly $20,000 per year, to keep each inmate in prison. Michelle Millkollen, Panel Asks Why So Many Inmates, Baton Rouge Advocate, July 30, 2010, at Al. See also Jon Craig, Kasich, GOP: Ohio Can Cut Way Out of Deficit, Cincinnati Enquirer, December 12, 2010 (Each Ohio inmate costs the state $66 per day, or $24,000 per year).